# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAURICE SHARMANE RODGERS, : | |
|     Petitioner : | |
| : | No. 1:19-cv-82 |
| v. : | |
| : | (Judge Kane) |
| WARDEN FCI ALLENWOOD LOW, : | |
|     Respondent : | |

## MEMORANDUM

Before the Court is pro se Petitioner Caurice Sharmane Rodgers ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a nunc pro tunc designation for the commencement of his current federal sentence on the basis that his prior sentence imposed by the State of Maryland involved conduct relevant to his federal offense. (Doc. No. 1.) Following an Order to Show Cause (Doc. No. 3), Respondent filed a response stating that Petitioner is not entitled to the requested nunc pro tunc designation and that the Bureau of Prisons ("BOP") has properly computed his federal sentence. (Doc. No. 5.) Petitioner has not filed a traverse, despite receiving an extension of time to do so (Doc. Nos. 6, 7). Accordingly, the § 2241 petition is ripe for disposition. For the reasons set forth below, the Court will deny Petitioner's § 2241 petition.

## I. BACKGROUND

On December 1, 2008, Petitioner was arrested in Bergen County, New Jersey, and charged with possession of marijuana. (Doc. No. 5-1, Ex. 1 ¶ 6.) He was released that day, and the charge was dismissed for failure to prosecute on August 8, 2013. (Id.)

On May 6, 2009, Petitioner was arrested on related state charges in Maryland for possession with intent to distribute cocaine. (Id. ¶ 7.) He was released on May 7, 2009. (Id.) On June 1, 2010, Petitioner was sentenced to a five (5)-year term of imprisonment and

committed to the custody of the Maryland Department of Corrections.  (Id.; Doc. No. 5-1 at 10-11.)

On August 16, 2010, the Maryland Department of Corrections temporarily transferred custody of Petitioner to federal authorities pursuant to a federal writ of habeas corpus ad prosequendum.  (Doc. No. 5-1, Ex. 1 ¶ 9.)  On March 11, 2011, Petitioner was indicted in the United States District Court for the Eastern District of North Carolina and charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base (crack), and tampering with a witness.  (Id. ¶ 8.)  On October 25, 2011, the United States District Court for the Eastern District of North Carolina sentenced Petitioner to 180 months of incarceration on those charges.  (Id. ¶ 10.)  The court noted in the judgment and commitment order that "this sentence is in addition to the state sentence the defendant is currently serving."  (Id., Doc. No. 5-1 at 19.)  On November 15, 2011, Petitioner was returned to the custody of the Maryland Department of Corrections, and the federal judgment and commitment order was lodged as a detainer against him.  (Ex. No. 5-1, Ex. 1 ¶ 11.)

On March 15, 2013, the State of Maryland released Petitioner on parole.  (Id. ¶ 12.)  On March 18, 2013, he was turned over to exclusive federal custody pursuant to the detainer.  (Id.)  On November 23, 2016, the United States District Court for the Eastern District of North Carolina reduced Petitioner's sentence to 146 months' incarceration.  (Id. ¶ 13.)  The court's order explicitly noted that "[t]his sentence is to be served consecutive to the defendant's Maryland state sentence."  (Id., Doc. No. 5-1 at 27.)

The BOP prepared Petitioner's sentence computation based upon the 146-month term of imprisonment.  (Doc. No. 5-1, Ex. 1 ¶ 14.)  Petitioner's sentence commenced on March 18, 2013, his first day in exclusive federal custody.  (Id.)  The BOP awarded Petitioner three (3) days of

prior custody credit for December 1, 2008 and for March 16-17, 2013. (Id.) Petitioner's current projected release date, with good conduct time considered, is November 25, 2023. (Id.)

**II.    DISCUSSION**

The Attorney General is responsible for computing federal sentences for all federal offenses committed after November 1, 1987. See 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated this authority to the Director of the BOP. See 28 C.F.R. § 0.96. The process of computing a federal sentence is governed by 18 U.S.C. § 3585 and consists of two steps: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which the inmate may be entitled. See Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." See 18 U.S.C. § 3585(a). A federal sentence does not begin to run when an individual is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum because the state remains the primary custodian in such circumstances.[1] See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

Petitioner does not dispute that he was temporarily taken into custody by federal authorities pursuant to a writ of habeas corpus ad prosequendum on August 16, 2010. (See Doc. No. 5-1, Ex. 1 ¶ 9.) Nor does he dispute that the State of Maryland released him on parole on

---

[1] The jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, release on bail, dismissal of the state charges, release on parole, or the expiration of the state sentence. See Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998); Chambers, 920 F. Supp. at 622.

March 15, 2013, and that he was turned over to exclusive federal custody on March 18, 2013. (Id. ¶ 12.) Thus, pursuant to § 3585(a), Petitioner's federal sentence commenced on March 18, 2013.

Petitioner is not challenging the BOP's calculation of prior custody credit. Rather, Petitioner seeks a nunc pro tunc designation of his federal sentence, arguing that such a designation is warranted because his Maryland sentence was based upon conduct relevant to his federal sentence. (Doc. No. 1 at 2, 6-7.) As this Court has previously noted:

> [i]f the defendant was in non-federal primary custody at the time the federal sentence was imposed, and the federal sentencing court was silent as to its intent to run the federal sentence concurrently with the non-federal sentence, the prisoner may ask the BOP to exercise its discretion pursuant to 18 U.S.C. [§] 3621(b) to designate the state prison as the place of imprisonment for the federal sentence, effectively making the sentences concurrent. The BOP may implement such a designation nunc pro tunc.

McCarthy v. Warden, No. 1:CV-12-0846, 2013 WL 3943551, at *3 (M.D. Pa. July 29, 2013) (citing 18 U.S.C. § 3621; Setser v. United States, 566 U.S. 231, 234-36 (2012); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990)); see also Prescod, Jr. v. Schuylkill, 630 F. App'x 144, 147 (3d Cir. 2015) (noting that, pursuant to BOP Program Statement 5160.05, federal and state sentences "should run concurrently 'only when it is consistent with the intent of the sentencing [f]ederal court, or with the goals of the criminal justice system'"). When "determining the intent of the sentencing court, the BOP considers the judgment of convictions, as well as federal and state sentencing data." See Prescod, 630 F. App'x at 147. The Court reviews the BOP's denial of a nunc pro tunc designation for abuse of discretion. See United States v. Fortt, 608 F. App'x 88, 89 n.1 (3d Cir. 2015) (citing Barden, 921 F.3d at 483).

Here, the Court cannot conclude that the BOP abused its discretion in denying Petitioner a nunc pro tunc designation. The judgment and commitment order entered by the sentencing

4

court noted that Petitioner's federal sentence was "in addition to the state sentence [he was] currently serving." (Doc. No. 5-1 at 19.) Furthermore, the sentencing court's order reducing Petitioner's sentence to 146 months of incarceration explicitly stated that his federal sentence was "to be served consecutive to [his] Maryland state sentence." (Id. at 27.) Thus, the sentencing court was not silent as to its intent regarding whether Petitioner's federal sentence would be concurrent or consecutive to his Maryland state sentence, and a nunc pro tunc designation would not be consistent with the sentencing court's intent. Accordingly, Petitioner is not entitled to the relief he seeks in light of the record and governing authority.

### III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be denied. An appropriate Order follows.